ELD-002                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2270
_____

ANTHONY GARVIN,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:25-cv-00199)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
October 9, 2025

Before:  KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: January 23, 2026)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Anthony Garvin appeals pro se from the District Court's order dismissing his habeas petition filed under 28 U.S.C. § 2241. We will summarily affirm that judgment.

I.

Garvin, while serving a two-year federal prison sentence for fraud-related offenses, filed a pro se habeas petition in the District Court. The petition claimed that the Federal Bureau of Prisons ("the BOP") had failed to award him certain time credits under the First Step Act and the Second Chance Act. The Government opposed the petition, arguing, inter alia, that Garvin had failed to exhaust his administrative remedies. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) ("Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241."). On April 9, 2025, the District Court dismissed the petition on exhaustion grounds, agreeing with the Government that Garvin had failed to exhaust his administrative remedies, and concluding that he had not demonstrated that his obligation to exhaust should be excused. This timely appeal followed.[1] During the pendency of this appeal, the BOP has released Garvin from custody. It appears that he is now serving a three-year term of supervised release.

---

[1] The original deadline for appealing from the District Court's decision was Monday, June 9, 2025. See Fed. R. App. P. 4(a)(1)(B). Although Garvin filed his notice of appeal sometime between June 21, 2025, and July 8, 2025, that notice is nevertheless timely because the District Court subsequently granted his motion to extend the appeal deadline pursuant to Federal Rule of Appellate Procedure 4(a)(5). To the extent that Garvin separately asks *us* to grant him an extension of time to file this appeal, that request is

In view of Garvin's release from custody, there is some question whether this appeal is now moot. Although that question is a jurisdictional one, see North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam), we need not (and do not) decide that question here. Instead, we opt to bypass the mootness question and resolve this case on a threshold ground that is more straightforward: exhaustion. See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 431-32 (2007) (indicating that a federal court may bypass a jurisdictional question and resolve the case on a threshold, non-merits ground); id. at 431 ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits." (alteration in original) (citation to quoted case omitted)); see also K.I. v. Durham Pub. Schs. Bd. of Educ., 54 F.4th 779, 788 n.3 (4th Cir. 2022) ("[W]e may consider certain threshold issues, like exhaustion of remedies, before considering Article III jurisdictional issues."); Valenzuela v. Silversmith, 699 F.3d 1199, 1205 (10th Cir. 2012) (bypassing the mootness question and resolving the case on exhaustion grounds).

For substantially the reasons set forth in the District Court's opinion accompanying its April 9, 2025 order, we agree with the District Court's decision to dismiss Garvin's habeas petition based on his failure to exhaust his administrative remedies.[2] As the District Court explained, Garvin did not pursue any grievance through

---

denied as moot. We also note that Garvin does not need a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

[2] We exercise plenary review over the District Court's legal conclusions and review its

all three levels of the BOP's grievance system, and he has not shown that an exception to the exhaustion requirement applies to his case. Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6. To the extent that Garvin seeks appointment of counsel, an emergency hearing, oral argument, "summary judgment," or any other relief from us, all that relief is denied.

---

factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

4